## St. Paul Mercury Insurance Company, Appellant, *v.* American Arbitration Association.

Argued December 1, 1966.  Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused June 23, 1967.

*Miles Warner,* for appellant.

*Walter Lazaroff,* with him *Bernstein, Bernstein, Harrison & Kessler,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 24, 1967:

Sidney B. Gottlieb was involved in an automobile accident while driving an automobile owned by his wife. The other party to the collision was one Leland P. Plenty. The Gottlieb automobile was covered by a liability insurance policy issued by appellant, St. Paul Mercury Insurance Company, which, by definition of the persons insured, included Sidney Gottlieb. In-

cluded among the various coverages of the policy was uninsured motorist coverage. St. Paul paid Mrs. Gottlieb for damages to her automobile under the collision coverage of the policy, and was thereby subrogated to her rights against Plenty. Sidney Gottlieb made a claim for personal injuries on Plenty, who was ostensibly covered by a liability insurance policy issued by Safeguard Mutual Insurance Company. During the pendency of Sidney Gottlieb's claim against Plenty, Safeguard's representatives equivocated as to whether Plenty was, in fact, covered by an insurance policy written by Safeguard.

Eventually, Gottlieb filed an action of trespass against Plenty and an appearance for Plenty was entered by counsel for Safeguard. This suit is still pending.

On September 7, 1965, after interrogatories had been filed and other steps taken by Safeguard, indicating that it was rendering a defense on behalf of Plenty, Safeguard wrote to counsel for Gottlieb as follows: *". . .there is no insurance coverage in force in favor of Leland Plenty* under which Sidney B. Gottlieb, the plaintiff, will be paid any monies if he is successful in the above captioned matter. We specifically disclaim all liability to him as we are defending this matter under a nonwaiver arrangement with the defendant."* (Emphasis supplied)

Following receipt of this letter, Gottlieb made a claim on St. Paul Mercury for $10,000, which was the limit of his coverage under the uninsured motorist provision of his policy. Subsequently, Gottlieb addressed a demand to the American Arbitration Association for arbitration of his claim against St. Paul Mercury. St. Paul Mercury filed an action in equity against Gottlieb, the American Arbitration Association, and its named arbitrator, Edgar R. Einhorn, and Safeguard Mutual Insurance Company, seeking to enjoin

the arbitration of Gottlieb's claim. St. Paul Mercury further sought a declaration that Safeguard's policy issued to Plenty afforded him coverage as of the date of the accident, and that Plenty was, therefore, not an uninsured motorist.

Gottlieb filed preliminary objections to the complaint in equity in the nature of a demurrer, an allegation of misjoinder of causes of action, and an averment that St. Paul Mercury had an adequate remedy at law. Safeguard also filed preliminary objections, raising the same questions. Thereafter, by stipulation of St. Paul Mercury, Gottlieb, and Safeguard, St. Paul Mercury's action against Gottlieb, Einhorn, and the American Arbitration Association was severed from its action against Safeguard. Prior thereto, however, the court below had sustained Gottlieb's preliminary objections in the nature of a demurrer and dismissed the complaint against Gottlieb. St. Paul has appealed from the dismissal of its complaint against Gottlieb.

We are in agreement with the court below, which concluded that the complaint in equity failed to state a cause of action against Gottlieb. Gottlieb's insurance policy defined an uninsured automobile as follows: "An automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, *or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the Company writing the same denies coverage thereunder.*" (Emphasis supplied.)

St. Paul Mercury contends that Plenty was, indeed, covered by Safeguard's policy, and that Safeguard's purported disclaimer of coverage was false and was tendered in bad faith. This may be so, but the fact remains that Safeguard, in its letter to counsel for Gottlieb, unequivocally indicated that there was no insurance coverage in force in favor of Plenty. This denial of coverage satisfied the definition in St. Paul's own insurance policy, and St. Paul's insured has no burden to establish the bona fides of Safeguard's denial of coverage. The court below quite properly stated: "It is clear to this court that this is a case in which the insured contracted and paid for an uninsured motorist coverage clause in his insurance policy, and that that clause must be enforced against the plaintiff in order to carry out its clear intent. The rule of law is well-established that any doubt or ambiguity as to the meaning and intent of an insurance policy, and in this case we should note that we find none, will be resolved in favor of the insured. [citing cases]."

Gottlieb has done what his insurance policy required, and allowed. Safeguard has denied coverage of Plenty, thereby making Plenty an uninsured motorist in accordance with Gottlieb's policy. Further, under the provisions of Gottlieb's policy, he is entitled to arbitration under the rules of the American Arbitration Association and he is entitled to proceed with that arbitration. We are not impressed by St. Paul's argument that Safeguard is in precarious financial condition and, therefore, St. Paul has no adequate legal remedy against Safeguard, by way of subrogation, in the event that St. Paul is required to pay an award after arbitration. This, again, is not the concern of St. Paul's insured, or of the American Arbitration Association and its appointed arbitrator. There

is nothing in this record indicating what Safeguard's financial condition is, and even if there were, we have serious doubt that any such information would have relevancy to the question of Gottlieb's right to arbitration of his claim against St. Paul.

Finally, St. Paul argues that the court below, by its opinion filed some five months subsequent to the order sustaining Gottlieb's preliminary objections, purports to dismiss the complaint as to Einhorn and the Arbitration Association, as well as to Gottlieb. It is true that the order sustaining preliminary objections dismissed the complaint as to Gottlieb only. The opinion, written in support of that order, does indicate that the dismissal of the complaint "applies to each of the defendants in this case and not just to the insured, whose preliminary objections were sustained. This is so, due to the fact that if the insured has a right to proceed with the arbitration of his claim for personal injuries and other losses, then clearly the American Arbitration Association and the selected arbitrator in the case, have the right to hear and determine the claim in accordance with arbitration clause specifically pleaded in the amended complaint. To hold otherwise, would present a clear inconsistency and would prevent the prosecution of the rights contracted for by the insured with the plaintiff."

This analysis is logical and recommends itself to favorable consideration; however, we need not decide any question relative to this argument of St. Paul, since no such question is before us. The order appealed from dismissed the complaint only as to Gottlieb. The American Arbitration Association and Einhorn never filed answers to the complaint and judgments were entered against them for failure to file answers to the complaint. Subsequently, petitions to open these judgments were filed and are pending in the court below, awaiting a decision by this Court in

554

the instant appeal. After our decision of the case at bar, which affirms the dismissal of the complaint in equity as to Gottlieb, there is no reason why the court below cannot proceed to a determination of the petitions to open the judgments entered against Einhorn and the American Arbitration Association, as well as to the disposition of St. Paul's action against Safeguard which, in essence, seeks declaratory relief.

Decree affirmed, costs to be borne by appellant.

Mr. Justice COHEN took no part in the consideration or decision of this case.